**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| BENTON COUNTY SEWER DISTRICT #1, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:14-cv-04331-NKL |
| JOSEPHINE BAKER, et al., | ) ) | |
| Defendants. | ) ) | |

**ORDER**

Pending before the Court is Plaintiff/Counterclaim Defendants Benton County Sewer District #1, Harold James, Ted Seek, and Rodney Meyer's (collectively, "Defendants") motion for judgment on the pleadings, Doc. 22. For the reasons set forth below, the motion is denied.

**I.      Pleading Standard**

Defendants bring their motion under Federal Rule of Civil Procedure 12(c). In order to maintain a lawsuit, a plaintiff must plead sufficient facts to state a claim upon which relief may be granted. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A motion for judgment on the pleadings is granted only if it appears beyond a doubt that a nonmoving party can prove no set of facts entitling it to relief. In considering a motion for judgment on the pleadings, pursuant to Rule 12(c), the court accepts as true all facts pleaded by the nonmoving party and grants all reasonable inferences from the pleadings in favor of the nonmoving party. . . . The court does not

consider matters outside the pleadings in making a determination of the merits of a motion for judgment on the pleadings." *Spann v. Crawford*, 2007 WL 2407020, at *1 (W.D. Mo. Aug. 17, 2007) (citations omitted). The Court may, however, in its discretion, consider "some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations and quotations omitted).

## II.    Background

In September 2011, Benton County filed a suit on account against Defendant/Counterclaimant Josephine Baker, d/b/a Lake Hills Motel ("Baker"), for outstanding sewer bills. Baker subsequently brought a counterclaim, alleging that Defendants violated her property interest in continued sewer service in violation of 42 U.S.C. § 1983 by filing a lien on her property and disconnecting her sewer service without proper notice. The Court construes all allegations in the counterclaim in favor of Baker, the non-moving party.

Baker alleges that prior to the formation of the Benton County Sewer District, she had utilized her own permitted lagoon for disposal of waste water on her property. Once the Sewer District was formed, it represented to her that she was required to utilize their sewer services. Over time, the rates the Sewer District charged Baker sharply increased. Baker objected to this increase and was told that if she installed a water meter, her sewer charges could be assessed based on actual usage. She installed this meter on April 1, 2011 at a cost of approximately $2,200.

2

Following the installation of this meter, Defendants refused to read the meter or base sewage usage charges on the meter data. Baker objected to the rates charged after April 2011 and insisted on use of the water meter in assessing her rates. On April 13, 2011, without notifying Baker, Defendants filed a lien against her with the Benton County Recorder's Office.

On October 15, 2012, Benton County posted a "service stop notice" on the front door of Baker's motel claiming the sum of $10,592.75 in arrearages and monthly charges. The notice stated that unless the arrearage was paid in full, Baker's sewer service would be disconnected on October 18, 2012. This notice did not provide her with notice of an opportunity for a hearing or notice of any hearing process. According to Baker, Benton County Sewer District Policy requires notice of disconnect to be sent via certified mail and states that service will not be disconnected until ten days after return receipt. However, on October 18, 2012, Defendants disconnected Baker's sewer service. On November 6, 2012, Defendants released the previous lien filed on Baker's property and filed a new lien in the amount of $12,017.46. In addition to the alleged due process violation as a result of Defendants' decision to terminate her sewer service, Baker contends that both the November 2012 and April 2011 liens were filed arbitrarily and capriciously.

## III. Discussion

In order to bring a claim under 42 U.S.C. § 1983, a claimant must be able to demonstrate that she was deprived of a right secured by the constitution or federal laws by a person acting under color of state law. *Conn v. Gabbert*, 526 U.S. 286, 291 (1999).

3

Baker contends that her due process rights were violated by Defendants' termination of her sewer services. In order to succeed on this claim, Baker must demonstrate (1) that she was deprived of a protected life, liberty, or property interest, and (2) that she was not provided sufficient due process under the circumstances. *Board of Regents v. Roth*, 408 U.S. 564, 570 (1972). For the purposes of this motion, Defendants concede that Baker has a protected property interest in continued sewer services. Therefore, the only remaining question is whether she was provided sufficient due process.

Due process requires that an interested party be afforded reasonable notice of an impending action and an opportunity to be heard prior to deprivation of a protected property interest. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). This notice and opportunity to be heard must be provided in a meaningful time and meaningful manner. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1977).

Baker contends that she was deprived of due process in at least three ways: 1) Defendants failed to provide notice of the impending sewer service termination to her as the owner of the property, and only posted notice on the property premises; 2) the notice was provided with insufficient time to receive process before she was deprived of her property right, as her sewer service was terminated only three days after notice was posted on the property; and 3) the notice failed to provide her information regarding her right to a hearing prior to her service being terminated. Defendants spend the majority of their argument focusing on the validity of Baker's third argument, that the notice failed to provide her information regarding her right to a hearing. However, it is not necessary for

4

the Court to evaluate the merits of this argument as Baker has pleaded sufficient facts to maintain her claim based on her first two arguments.

In order to terminate sewer service for delinquent payment, Missouri law requires that the service provider send "[a]ny notice of termination of service . . . to both the occupant and owner of the premises receiving such service." R.S.Mo. § 250.140(2). Baker contends that the only notice provided regarding pending service termination was the notice affixed to the front door of the motel on October 15, 2012. Though Baker owns the property, she does not reside on the premises. Therefore, she contends, Defendants violated this statute by not providing her notice of termination of service as the owner of the premises. These allegations are sufficient for Baker to maintain her due process claim, as she has presented facts to suggest that she received insufficient notice before being deprived of her property interest.[1] *See also Conesco Finance Servicing Corp. v. Missouri Dept. of Revenue*, 195 S.W.3d 410, 418 (Mo. banc 2006) (concluding that mailing notice to an address known to be abandoned by the property owner is insufficient to constitute notice "reasonably calculated" to reach the affected party).

---

[1] Along with their reply brief, Defendants filed an affidavit from Rodney Meyer, as well as certified mail receipts and a copy of a letter from September 6, 2012, to support their contention that Baker was actually provided with notice of the impending service termination well before service was terminated on October 18, 2012, and to show that notice was provided to Baker personally, and not just posted at the motel. As this evidence was not submitted with Defendants' initial briefing to give Baker a chance to respond, the Court declines to consider this evidence here. Moreover, as Defendants have filed a motion for judgment on the pleadings, this evidence falls outside of that which should typically be considered by the Court, as the content of the evidence contradicts the allegations in the complaint, and the evidence is not in a public record or necessarily embraced by the pleadings. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

Case 2:14-cv-04331-NKL   Document 31   Filed 10/13/15   Page 5 of 7

Moreover, Baker has pleaded that Defendants terminated her sewer service only three days after providing notice of the impending service cancellation. This allegation is sufficient to raise questions as to whether Baker was provided meaningful notice and a meaningful right to be heard prior to being deprived of sewer service, given the short span of time between the notice and the deprivation. This short time period is especially notable given the significant interest at stake. Additionally, Baker contends that the Benton County Sewer Policies require ten days' notice prior to disconnect. The existence of such a policy would suggest that Baker's due process rights were violated when Defendants terminated her sewer service after only three days.

Defendants argue that even if Baker can establish that she was denied due process when her service was terminated without adequate notice of her right to a hearing, this deprivation must be balanced against the government's interest in efficient fiscal and administrative action. *Citing Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). At this stage of the proceedings, the Court concludes that Baker has made a sufficient showing to suggest that her deprivation outweighs Defendants' efficiency interests. Assuming the facts alleged by Baker, Defendants could have easily afforded Baker more meaningful notice and an opportunity to be heard by simply mailing Baker a copy of the notice to her personal address and waiting longer before terminating her sewer service, which was vital to the functioning of Baker's motel.

Defendants James, Seek, and Meyer also contend that they are entitled to qualified immunity in this action. In order to determine whether these individuals are entitled to qualified immunity, the Court must consider 1) whether there has been a violation of a

constitutional or statutory right, and 2) whether the right was clearly established such that a reasonable official would have known that his actions were unlawful. *Krout v. Goemmer*, 583 F.2d 557, 564 (8th Cir. 2009). James, Seek, and Meyer argue that they are entitled to qualified immunity due to Baker's failure to identify specifically how they violated her constitutional rights. However, Baker has clearly pleaded that they violated her due process rights by failing to comply with Benton County's policies and procedures and failing to provide her a meaningful opportunity for a hearing prior to terminating her sewer service. Given these allegations, James, Seek, and Meyer are not entitled to qualified immunity based on the content of the pleadings.

## IV.    Conclusion

For the reasons set forth above, Defendants' motion for judgment on the pleadings is denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:   October 13, 2015
Jefferson City, Missouri